**FILED**

July 08, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ NM _____

DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **LORENA DE LA CARIDAD SANCHEZ GARCIA,** § | |
| § | |
| **Petitioner,** § | **NO. SA-26-CV-1048-OLG** |
| § | |
| v. § | |
| § | |
| **MIGUEL VERGARA** *et al.*, § | |
| § | |
| **Respondents.** § | |

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Lorena De La Caridad Sanchez Garcia's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1). Respondents have responded (Dkt. No. 5). Upon review, the Court will grant the Petition for the reasons below.

### I.    BACKGROUND

Based on the record, Petitioner is a citizen of Cuban, who was granted lawful permanent resident status on December 23, 2022. *See* Dkt. No. 1-1 at 6. She resided in this United States since that time and regularly offered sexual services in exchange for money in Miami, Los Angeles, and Chicago. *Id.* On October 21, 2025, she was detained at the Fort Lauderdale Hollywood International Airport and treated as an arriving alien applying for admission to the United States. *Id.* at 3, 6. Petitioner was then placed in removal proceedings and charged with being inadmissible under 8 U.S.C. § 1182(a)(2)(D)(i), as an alien who "has engaged in prostitution within 10 years of the date of application." *Id.* at 3. She is presently being detained pursuant to 8 U.S.C. § 1225(b)(2)(A) pending the conclusion of her full removal proceedings under § 1229a.[1]

---

[1] Although Petitioner was ordered removed on March 6, 2026, *see* Dkt. No. 5-1 at 2, she timely appealed the removal order to the Board of Immigration Appeals, *id.*, and, thus, it is not yet administratively final. *See* 8 C.F.R. § 1241.1 (providing that an order of removal becomes final upon the "dismissal of an appeal by the Board of Immigration Appeals"). Once the order of removal becomes administratively final,

She initiated this action on February 18, 2026, seeking an order compelling her release or requiring that she be given a bond hearing, on the grounds that she may not be mandatorily detained consistent with her right to due process. *See* Dkt. No. 1 at 9–10.

## II.    JURISDICTION

District courts have jurisdiction to grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c).

The INA does not strip the Court of jurisdiction over the instant challenge to detention. *See, e.g., Perez-Puerta v. Johnson*, No. 25-CV-1476-OLG, Dkt. No. 13 at 2–4 (W.D. Tex. Dec. 15, 2025) (addressing and rejecting the applicability of 8 U.S.C. §§ 1252(g), 1252(b)(9), 1225(b)(4) in context of challenges to mandatory detention). Nor would Petitioner's failure to exhaust administrative remedies, as the exhaustion requirement in the immigration detention context is likely prudential rather than jurisdictional. *Calderon Lopez v. Lyons*, 814 F. Supp. 3d 733, 737 n.1 (N.D. Tex. 2026) (citing 8 U.S.C. § 1252(d)(1)). And "exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) (citation modified); *see Calderon Lopez*, 814 F. Supp. 3d at 737 n.1 (finding that exhaustion—i.e., an appeal to the BIA—would be "an exercise in futility" and therefore was not required); *Petgrave v. Aleman*, 529 F. Supp. 3d 665, 672 & n.14 (S.D. Tex. 2021) (finding that administrative exhaustion would be futile where constitutional challenge to detention procedures are raised); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 680–81 (W.D. Tex. 2025) (explaining that requiring petitioner to wait for a ruling on an appeal to the BIA would "exacerbate [her] alleged constitutional injury—detention

the Government has 90 days to physically remove Petitioner from the United States, during which time detention is mandatory. *See* 8 U.S.C. § 1231; *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021).

2

without a bond hearing"); *Hernandez-Fernandez v. Lyons*, No. 25-CV-773-JKP, 2025 WL 2976923, at *6–7 (W.D. Tex. Oct. 21, 2025) (same).

### III.    DISCUSSION

Petitioner challenges her detention under the Due Process Clause of the Fifth Amendment. As the petitioner, she bears the burden of proving that she is "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025) (quoting 28 U.S.C. § 2241(c)(3)). "[B]ecause the habeas proceeding is civil in nature, the petitioner must satisfy [her] burden of proof by a preponderance of the evidence." *Id.* at 696–97 (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)). "A court considering a habeas petition must 'determine the facts . . . and dispose of the matter as law and justice require.'" *Id.* at 697 (quoting 28 U.S.C. § 2243).

Petitioner argues that her being mandatorily detained without an individualized custody review violates her due process rights. *See* Dkt. No. 1 at 9–10. A divided panel of the Fifth Circuit has now ruled on this issue as well, agreeing with Petitioner. *See Rodriguez v. Ortega*, --- F.4th ---, No. 26-50183, 2026 WL 1906557, at *1 (5th Cir. July 2, 2026). In *Rodriguez*, the Fifth Circuit held that noncitizens, like Petitioner, who have entered and established "long-term residence in the United States" may be detained "under [§] 1225(b)(2)(A) for ninety days but no longer without a bond hearing." *Id.* at *6, *16. The Government must provide that hearing "within 90 days of the commencement of detention" and "articulate an individualized [non-conclusory] justification for further detention without bond." *Id.* at *16.

As Petitioner's detention commenced on October 21, 2025, the Government was required to provide her with a bond hearing no later than January 19, 2026. As it failed to do so, Petitioner's ongoing detention violates due process. And because Respondents' 90-day window to provide such

a hearing has already closed, Petitioner is entitled to immediate release. *See Rodriguez*, 2026 WL 1906557, at *16 (explaining that detention sans bond hearing may last "ninety days *but no longer*," and that the hearing "must be held *within* 90 days of the commencement of detention" (emphasis added)); *id.* at *19 (Wilson, J., dissenting) (explaining that the majority opinion requires "immediate release of alien detainees" absent a bond hearing within the 90-day window).

## IV.    CONCLUSION

Based on the foregoing, Petitioner Lorena De La Caridad Sanchez Garcia's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1) is **GRANTED IN PART** as follows:

1.    Respondents must **release** Petitioner Lorena De La Caridad Sanchez Garcia (A-246-582-744) from custody to a public place on or before **Friday, July 10, 2026**;

2.    Respondents must notify Petitioner's counsel of the exact location and time of Petitioner's release as soon as practicable and **at least two hours before release**; and

3.    Respondents must file a status report **within two days thereafter** confirming that Petitioner has been released.

The Petition is **DENIED IN PART** to the extent Petitioner seeks to recover attorney's fees under the Equal Access to Justice Act. *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023) ("[T]he EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions."), *cert. denied*, 144 S. Ct. 553 (2024).

This Order is a **FINAL JUDGMENT**, and the Clerk is directed to **CLOSE** this case upon its entry.

It is so **ORDERED**.

**SIGNED** on July ___8___, 2026.

ORLANDO L. GARCIA
United States District Judge

5